## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| **DONNA SUE WALKER,** | § | |
| Debtor | § | **CASE NO. 24-33252** |
| | § | **CHAPTER 13** |
| | § | |

## MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CENELIA MARQUEZ ("Movant"), who files this Motion for Order of Dismissal with Prejudice, showing in support thereof as follows:

### I.      INTRODUCTION

1.      DONNA SUE WALKER ("Debtor"), is willfully abusing the bankruptcy process to frustrate Movant in her attempts to evict Debtor pursuant to a residential lease agreement between Movant and Debtor.

2.      Movant seeks an order of dismissal with prejudice to prevent Debtor from continuing to abuse the automatic bankruptcy stay to prevent her eviction.

### II.      FACTUAL BACKGROUND

3.      On February 8, 2024, Debtor executed a Residential Lease Agreement ("Lease") whereunder she promised to pay the first month's rent and a security deposit in advance of occupying the leased premises, and thereafter to make timely monthly rent payments. Debtor tendered a check that was returned for insufficient funds, and

since that date has altogether failed to make any rent payments and pay other sums due and payable under the Lease.

4.    Since that date, Movant has filed two eviction suits in the Justice Court of Montgomery County, Texas, Precinct One, and both have been frustrated by Debtor's filing, in bad faith, of bankruptcy petitions in this Court.

5.    On March 19, 2024, specifically for the purpose of frustrating Movant in her effort to evict Debtor, and for no other purpose, Debtor filed a Chapter 7 Voluntary Petition for Individuals Filing for Bankruptcy in that certain case styled: Case No. 24-31193; *In re Donna Sue Walker*; in the United States Bankruptcy Court for the Southern District of Texas ("first bankruptcy case").

6.    On April 23, 2024, in the first bankruptcy case, Debtor, through counsel, filed a *Motion for Extension of Time to File Chapter 7 Schedules, Statements, Notice and Other Required Documents*. As grounds for the relief requested, Debtor's counsel wrote: "Debtor's counsel has made numerous efforts to contact the debtor by phone, email and text but has not received documents or information necessary to complete the schedules and statements." [Docket No. 9]. This Court denied that Motion on the same date [Docket No. 10].

7.    On May 10, 2024, this Court signed an Order of Dismissal in the first bankruptcy case. [Docket No. 12].

8.    On June 12, 2024, this Court signed an Order Closing Case in the first bankruptcy case. [Docket No. 15].

9.     On July 16, 2024, specifically for the purpose of frustrating Movant in her effort to evict Debtor, and for no other purpose, Debtor filed a Chapter 13 Voluntary Petition for Individuals Filing for Bankruptcy in that certain case styled: Case No. 24-33252; *In re Donna Sue Walker*; in the United States Bankruptcy Court for the Southern District of Texas ("the second bankruptcy case").

10.    On August 14, 2024, the Trustee in the second bankruptcy case filed a document styled *Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss or Convert to Chapter 7*, stating that Debtor had failed to implement a wage deduction order or EFT/ACH authorization, and had failed to file or provide all of the information required under 11 U.S.C. § 521(a),(b),(e),(f) and (h), and BLR 1017(a)(4). [Docket No. 14].

11.    On August 22, 2024, a Meeting of Creditors was held in the second bankruptcy case; Debtor did not appear. [Docket No. 15].

12.    On September 12, 2024, this Court signed an Order of Dismissal Pre-Confirmation for Non-Payment. [Docket No. 16].

13.    Movant now brings this *Motion for Order of Dismissal with Prejudice* to put a stop to this cycle of abuse, the sole aim of which is the willful taking advantage of this Court's stay powers to prevent a lawful and just eviction of Debtor for nonpayment of rent and deliberate breach of the Lease.

### III.   <u>**ARGUMENT & AUTHORITIES**</u>

14.   Under 11 U.S.C. § 109(g)(1), the Court may dismiss a case with prejudice "for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case." *Cf.* 11 U.S.C. § 349(a) ("Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.").

15.   A dismissal with prejudice under § 109(g)(1) prohibits the debtor from filing another bankruptcy petition for 180 days.

16.   The Debtor's pattern of filing two multiple bankruptcy petitions without following through on the requirements of the bankruptcy process constitutes an abuse of the bankruptcy system and demonstrates bad faith.

17.   The Debtor willfully failed to prosecute the first bankruptcy case and the second bankruptcy case. The Debtor demonstrated willful failure to abide by orders of the court, and/or to appear before the court in proper prosecution of the case.

18.   Debtor's actions demonstrate that these bankruptcy filings are not made with the intent to reorganize debts or seek legitimate bankruptcy relief, but rather to improperly invoke the automatic stay and frustrate Movant's lawful attempts to enforce the Lease and regain possession of the Property.

19. This abuse of the bankruptcy process has caused undue harm to Movant by preventing Movant from exercising her rights under the Lease and state law, depriving Movant of rental income, allowing the unauthorized subletting of the Property to continue, and forcing Movant to incur unnecessary legal expenses.

20. Debtor's repeated filings and failures to prosecute the cases have also burdened the Court and impeded the efficient administration of justice.

21. Movant now files this Motion for Order of Dismissal with Prejudice to put a stop to this cycle of abuse, the sole aim of which is the willful taking advantage of this Court's stay powers to prevent a lawful and just eviction of Debtor for nonpayment of rent and deliberate breach of the Lease.

## IV.    CONCLUSION

22. Debtor has filed two bankruptcy petitions in bad faith, solely to frustrate Movant's lawful attempts to evict Debtor for nonpayment of rent and breach of the Lease.

23. In both bankruptcy cases, Debtor willfully failed to prosecute the cases, abide by court orders, and fulfill the basic requirements of the bankruptcy process.

24. Movant seeks an order of dismissal with prejudice to prevent Debtor from continuing to abuse the automatic bankruptcy stay to prevent her eviction.

25. Given this pattern of abuse and bad faith, Movant respectfully requests that this Court dismiss Debtor's bankruptcy case with prejudice and bar Debtor from filing another bankruptcy petition for 180 days pursuant to 11 U.S.C. § 109(g)(1)

## V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant respectfully requests that this

Court:

1. dismiss the above-captioned bankruptcy case with prejudice pursuant to 11 U.S.C.

   § 109(g)(1);

2. bar Debtor from filing any new bankruptcy petition for 180 days from the date of

   dismissal;

3. grant relief from the automatic stay to allow Movant to proceed with state court

   eviction proceedings; and

4. grant such other and further relief as the Court deems just and proper.


Respectfully Submitted,

THE LAW OFFICE OF KYLE J. MOORE, PLLC


By:   /s/ *Kyle J. Moore*
          **Kyle J. Moore**
          Texas Bar No. 24117775
          25211 Grogans Mill Rd Ste 130
          Spring TX 77380
          **Telephone**: 832-856-7737
          **Fax**: 832-685-8395
          **Email**: kyle@kjm.law
          *Attorney for Movant,*
          CENELIA MARQUEZ

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Motion for Order of Dismissal with Prejudice has been served on the following parties by email on this 11th of October, 2024:

DONNA SUE WALKER
Payne & Associates, PLLC
10954 AMBLEWOOD ST
WILLIS, TX 77318
Via First Class Mail

DONNA SUE WALKER
c/o Kyle Payne, Esq.
Payne & Associates, PLLC
1225 North Loop West, Suite 550
Houston, TX 77008
Via Fax: 713-588-8750
Via Email: notices@payne.associates

DONNA SUE WALKER
c/o Amy Bates Ames, Esq.
Resolve Law Group
801 Travis St Ste 2101
Houston, TX 77002
Via Fax: 818-995-9277
Via Email: amy@resolvelawgroup.com

Tiffany D. Castro, Trustee
9821 KATY FREEWAY, SUITE 590
HOUSTON, TX 77024
Via Fax: (713) 722-1200

/s/ *Kyle J. Moore*